**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: July 14 2026**

Mary Ann Whipple
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 25-61672 |
| | ) | |
| David Russell Overcasher, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 26-06004 |
| | ) | |
| David Russell Overcasher, Jr., | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Stratus Financial LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This adversary proceeding is before the court on the "Amended Complaint to Determine Dischargeability of Student Loans" ("Complaint"). [Doc. # 4]. Plaintiff is the debtor in the underlying Chapter 7 case. Stratus Financial LLC is the named defendant and a creditor in the underlying Chapter 7 case. No attorney has entered an appearance on Defendant's behalf in this adversary proceeding.

On May 5, 2026, the Clerk issued a summons and notice of pretrial conference. [Doc. #5]. Plaintiff executed service of summons and the Complaint upon Defendant by first class mail on May 6, 2026. [Doc. # 6].

On June 8, 2026, the court held a pretrial scheduling conference as set forth in the summons served upon Defendant. Plaintiff's counsel appeared by telephone. There was no appearance by or on behalf of the Defendant. The docket shows the Defendant had not filed an answer or other response to the Complaint by the deadline of June 4, 2026, nor was there a request for an extension of the answer deadline. The court directed the Clerk to issue an entry of default and gave Plaintiff seven days to file a motion for default judgment. [Doc. # 8]. The Clerk's entry of default was issued on June 15, 2026. [Doc. # 10]. The entry of default has not been set aside or requested to be set aside.

Plaintiff filed his Motion for Default Judgment ("Motion") on June 15, 2026, and attached the loan documents to the motion. [Doc. # 11]. The Certificate of Service indicates Plaintiff sent the Motion by regular mail to Defendant on the same date the Motion was filed with the court. [*Id*. at 3/27]. The court scheduled a hearing on the Motion, notice of which was also sent by the Clerk to the Defendant on June 18, 2026. [Doc. ## 12 and 14].

On July 13, 2026, the court conducted a hearing on the Motion, which Plaintiff attended by phone. There was no appearance of record by or on behalf of the Defendant nor did Defendant or any lawyer for Defendant communicate with court staff about the hearing or an appearance.

Review of the record reflects no answer or other response to the Complaint having been filed by the Defendant. Pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, the court will therefore grant Plaintiff's Motion for Default Judgment.

Plaintiff seeks a determination of dischargeability contending the debts are not qualified education loans (Count One) and, in the alternative, that they impose an undue hardship on Plaintiff if they are (Count Two). The legal basis for the Complaint is 11 U.S.C. § 523(a):

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

11 U.S.C. § 523(a)(8)(B).

According to the Complaint, Plaintiff applied for a loan with Stratus Financial LLC for training at American Winds Aviation, on January 23, 2024. Plaintiff further contends the Defendant disbursed $20,000.00 to American Winds Aviation as of January 31, 2024, and holds the remaining amount of the

2

loan in trust. Plaintiff requests declaratory judgment that this debt is not a qualified education loan and that as such it not be excepted from discharge as such. Alternatively, the Complaint asserts the debt is dischargeable as an undue hardship upon Plaintiff.

This court has jurisdiction over the Plaintiff's underlying Chapter 7 bankruptcy case. 28 U.S.C. § 1334. The case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order 2012-7 entered by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to dischargeability of particular debts. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b)(8), has been duly and properly served upon Defendant at all stages of this adversary proceeding. Moreover, as a result of being properly served with a summons and the Complaint and the ensuing default, Defendant has impliedly consented to entry of a judgment against it by the bankruptcy court. *Messr. v. Frye Media, Inc. (In re Fry Festival LLC)*, 611 B.R. 735, 740 (Bankr. S.D.N.Y. 2020). The court therefore finds that Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

Defendant's failure to answer the Complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana County Sch. Empl. Credit Union v. Cook (In re Cook)*, 342 B.R. 384 at *3 (B.A.P. 6th Cir. 2006) (unpublished). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must decide whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit mere conclusions of law. *Smith v. Household Fin. Reality Corp. of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001).

The court finds that the well-pleaded allegations of the Complaint constitute a valid cause of action under 11 U.S.C. § 523(a)(8)(B) as it pertains to Count One. Specifically, the Complaint establishes: (1) American Winds Aviation is not a Title IV eligible institution as recognized under the Higher Education Act; (2) the loan was originated in an amount exceeding the cost of attendance at the school; and (3) the debt is not a "qualified education loan" under 26 U.S.C. § 221(d)(1). As a creditor, Defendant bears the burden of establishing the debt is excepted from discharge. *In re Bronsdon*, 435 B.R. 791, 796 (B.A.P.

3

1st Cir. 2010); *In re Phillips*, 672 B.R. 717, 728-29 (Bankr. M.D. Tenn. 2025).  The Defendant has failed to refute or establish the debt as one excepted from discharge.  Accordingly, the court finds Plaintiff has established the requisite elements in support of his Motion and judgment in his favor as to Count One.

As Plaintiff is entitled to default judgment on Count One, the court deems it unnecessary to address Count Two as it is moot.

Based on the foregoing reasons and authorities, and additionally for the reasons stated on the record at the July 13, 2026, hearing,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No. 11] is **GRANTED** as to Count One.  A separate, final judgment against Defendant and in accordance with this Memorandum of Decision and Order shall be entered by the court.

# # #